# EXHIBIT 1

Exhibit 1

# Case Information

DC-21-00892 | LAVERNE FIELDS vs. THE KROGERS CO

| Case Number | Court | Judicial Officer |
|---|---|---|
| DC-21-00892 | 191st District Court | SLAUGHTER, GENA |
| File Date | Case Type | Case Status |
| 01/21/2021 | PROPERTY | OPEN |

# Party

PLAINTIFF
FIELDS, LAVERNE

Active Attorneys ▾
Lead Attorney
CATO-MILLER, ANNETTE
Retained

---

DEFENDANT
THE KROGERS CO

  Aliases
  *AKA* KROGER TEXAS L.P.
Address
SERVE ITS REGISTERED AGENT, CORPORATION SERVICE
COMPANY
211 E. 7TH STREET, SUITE 620
AUSTIN TX 78701-3218

Active Attorneys ▾
Lead Attorney
BRISCOE, B KYLE
Retained

# Events and Hearings

01/21/2021 NEW CASE FILED (OCA) - CIVIL

01/21/2021 ORIGINAL PETITION ▼

ORIGINAL PETITION

01/21/2021 ISSUE CITATION ▼

CITATION- THE KROGERS CO

01/27/2021 CITATION ▼

**Unserved**

Anticipated Server
ESERVE

Anticipated Method
Comment
THE KROGERS CO

02/05/2021 ORIGINAL ANSWER - GENERAL DENIAL ▼

ORIGINAL ANSWER - THE KROGERS CO AKA KROGER TEXAS L.P.

## Financial

FIELDS, LAVERNE

| | | |
|---|---|---|
| Total Financial Assessment | | $300.00 |
| Total Payments and Credits | | $300.00 |

| | | | | |
|---|---|---|---|---|
| 1/25/2021 | Transaction Assessment | | | $300.00 |
| 1/25/2021 | CREDIT CARD - TEXFILE (DC) | Receipt # 4559-2021-DCLK | FIELDS, LAVERNE | ($300.00) |

## Documents

ORIGINAL PETITION

CITATION- THE KROGERS CO

ORIGINAL ANSWER - THE KROGERS CO AKA KROGER TEXAS L.P.

# EXHIBIT 2

**Exhibit 2**



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 22686561**
**Date Processed: 02/01/2021**

| | |
|---|---|
| **Primary Contact:** | Venessa C. Wickline Gribble<br>The Kroger Co.<br>1014 Vine Street<br>Cincinnati, OH 45202-1100 |

| | |
|---|---|
| **Entity:** | The Kroger Co.<br>Entity ID Number  2171751 |
| **Entity Served:** | The Krogers Co aka Kroger Texas L.P. |
| **Title of Action:** | Leverne Fields vs. The Krogers Co aka Kroger Texas L.P. |
| **Matter Name/ID:** | Leverne Fields vs. The Krogers Co aka Kroger Texas L.P. (10911125) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Dallas County District Court, TX |
| **Case/Reference No:** | DC-21-00892 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 01/29/2021 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Annette Cato-Miller State Bar No. 04011525<br>972-270-1896 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**FORM NO. 353-3 - CITATION**
**THE STATE OF TEXAS**

RECEIVED

21 JAN 28 PM 1: 44

TRAVIS COUNTY CONSTABLE
PCT 1

Delivered this ___ day of ___
21 JAN 2021
CONSTABLE PRECINCT 1, TRAVIS CTY, TEXAS
BY ___
DEPUTY ___ #105

To: **THE KROGERS CO**
**AKA KROGER TEXAS L.P.**
**SERVE ITS REGISTERED AGENT CORPORATION SERVICE COMPANY**
**211 E 7TH STREET SUITE  620**
**AUSTIN TX  78701-3218**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written
answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of
twenty   days after you were served this citation and  petition, a default judgment may be taken against you. In
addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties
of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.
Find out more at TexasLawHelp.org.  Your answer should be addressed to the clerk of the **191st District Court** at
600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **LAVERNE FIELDS**

Filed in said Court  **21st day of January, 2021** against

**THE KROGERS CO AKA KROGER TEXAS L.P.**

For Suit, said suit being numbered **DC-21-00892**, the nature of which demand is as follows:
Suit on **PROPERTY** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies
this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 27th day of January, 2021.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
       COURTNEY RUTLEDGE

---

**ESERVE**

**CITATION**

**DC-21-00892**

**LAVERNE FIELDS**
vs.
**THE KROGERS CO**

**ISSUED THIS**
**27th day of January, 2021**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  COURTNEY RUTLEDGE, Deputy

**Attorney for Plaintiff**
**ANNETTE CATO-MILLER**
LAW OFFICES OF CATO-MILLER
DARENSBURG & ASSOCIATES
11882 GREENVILLE AVE STE B101
DALLAS TX  75243
972-270-1896
litigation@cmdlawyers.net

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. : DC-21-00892

Court No.191st District Court

Style: LAVERNE FIELDS

vs.

THE KROGERS CO

Came to hand on the _____day of _____, 20_____, at _____ o'clock _____.M. Executed at _____,

within the County of _____ at _____ o'clock _____.M. on the _____day of_____,

20_____, by delivering to the within named _____

each in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of _____ County, _____ |
| For Notary | $_____ | By _____ Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 _____,

to certify which witness my hand and seal of office.

_____

Notary Public _____ County _____

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 50067103
Status as of 1/27/2021 8:25 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| ANNETTE CATO-MILLER | | litigation@cmdlawyers.net | 1/27/2021 8:24:08 AM | SENT |

FILED
1/21/2021 11:00 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Belinda Hernandez DEPUTY

DC-21-00892

Cause No. _____

| | | |
|---|---|---|
| LEVERNE FIELDS | § | IN THE DISTRICT COURT |
|     Plaintiff | § | |
| VS. | § | DALLAS COUNTY, TEXAS |
| | § | |
| THE KROGERS CO AKA | § | |
| KROGER TEXAS L.P. | § | 191st |
|     Defendant | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

Comes now LEVERNE FIELDS, hereinafter referred to as "Plaintiff," and makes and files this Original Petition and Request for Disclosure, complaining of and about, THE KROGER CO AKA KROGER TEXAS L.P. hereinafter referred to as "Defendant" or "Kroger," and for cause of action shows unto the Court the following:

### I.

1.     Pursuant to Rule 190.3, Tex. R. Civ. P., discovery shall be conducted under Level 2. The parties expect to submit an agreed docket control order for the orderly disposition of this litigation.

### II.

3.     Plaintiff is a resident of Dallas County, Texas.  Plaintiff's social security is xxx-xx-9269. Plaintiff's drivers license number is ▉▉▉▉.

4.     Defendant THE KROGER CO AKA KROGER TEXAS L.P., is a foreign for profit corporation doing business in the State of Texas including Dallas County.  Service of process regarding this lawsuit may be made on its registered agent of process:

Corporation Service Company

d/b/a CSC- Lawyers Incorporation Service Company

211 E. 7th Street, Suite 620

Austin, Texas 78701-3218

### III. JURISDICTION AND VENUE

5.     The subject matter in controversy is within the jurisdictional limits of this court.

6.     This court has jurisdiction over the parties because Plaintiff is a Texas resident.

7.     Venue in Dallas County is proper in this cause under § 15.002(a)(1), Tex. Civ. Prac. & Rem. Code, because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## IV. FACTS

8.     On February 9, 2019, Leverne Fields, while entering the Kroger grocery store #588 located at 9140 Forest Lane, Dallas, TX, was injured when the sliding entrance doors closed and slammed on her shoulders and head. The malfunction of the doors caused Leverne Fields to fall to the concrete floor where she hit her head again, and injuring her head, left side, including her left eye. She was rushed to the emergency room. Ms. Fields suffered a concussion and significant related injuries including; injury to her entire left side, lightheadedness, severe headaches, severe dizziness. These symptoms continued for months after the incident. Defendant KROGER, and their agents, servants, and employees knew or in the exercise of ordinary care, should have known the dangerous conditions with the entrance doors existed. This incident caused severe injuries to Plaintiff. Defendant owed Plaintiff the duties to exercise ordinary care and to protect and safeguard Plaintiff and others from unreasonably dangerous and unsafe conditions.

## V. PREMISE CLAIM

9.     Plaintiff was a business invitee and entered onto Defendant's premises in response to Defendant's invitation and for their mutual benefit. A condition on Defendant's premises posed an unreasonable risk.  Defendant knew or reasonably should have known of the dangerous condition of the malfunction of the entrance door and that it created a dangerous condition for its business invitees.  Kroger knew the entrance doors were malfunctioning because the same, exact set of doors malfunctioned on January 5, 2019 to another customer. This customer placed Kroger on notice. Defendant knew or should have known to keep the doors properly functioning so that they would not create a dangerous condition for its business invitees, i.e., slamming into customers such as the Plaintiff.  Defendant had a duty to use ordinary care to ensure that the premises did not present a danger to Plaintiff.  Defendant allowed or created the area to become dangerous and permitted such danger to exist.  Plaintiff further alleges that the condition in the area had continued

for such a time that it would have been remedied if Defendant had exercised ordinary care in the maintenance and repair of the entrance doors. This duty includes the duty to inspect and the duty to warn or to cure. Defendant's breach of duty, both individually and severally, proximately caused injury to Plaintiff, which resulted in injury to her body, particularly her entire left side; as well as a concussion, severe dizziness, severe lightheadedness and severe headaches. As a result, Plaintiff has incurred medical bills and endured pain and suffering, for which she seeks damages within the jurisdictional limits of this Court.

## VI. NEGLIGENCE

10. In the alternative, Plaintiff's injuries were the result of Defendant's ongoing negligence on the premises at the location of the injury, not a condition of the premises. Defendant's negligence includes that they allowed a dangerous condition (malfunctioning door) to occur and exist, and its failing to use ordinary care in the maintenance and repairing of the entrance doors in the store entryway. Defendant owed a legal duty to Plaintiff. Defendant breached the duty to Plaintiff by:

a. Failing to maintain or repair the doors to the entry premises to a safe condition by inspecting the door for any dangerous conditions and repairing it; and

b. Failing to make safe any latent defect or give warning of any defect.

Defendant's breach of duty proximately caused injury to Plaintiff, which resulted in injury to her body generally, including a concussion, head injury, and symptoms of the head injury as described herein. As a result, Plaintiff has incurred medical bills and endured pain and suffering, for which she seeks damages within the jurisdictional limits of this Court.

## VII. *RESPONDEAT SUPERIOR*

11. Defendant KROGER and its agents, servants, and employees, who were at all times acting in the course and scope of their employment, were guilty of negligence toward Plaintiff by:

a. Maintaining an unreasonably dangerous condition;

b. Failing to maintain reasonably safe premises;

c. Failing to inspect the premises in order to discover the dangerous condition on Defendants' premises;

d.     Failing to correct the dangerous condition which was created; and

e.     Failing to adequately warn invitees, including Plaintiff, that a dangerous condition existed.

## VIII.

12.     Plaintiff alleges that each and every, all and singular, of the aforementioned acts and/or omissions on the part of the Defendant and its agents, servants, and employees constitute negligence which was and is the direct and proximate cause of the injuries sustained by Plaintiff herein set out.

## IX. DAMAGES

13.     Plaintiff would show that, as a direct result of the negligence of Defendant and its agents, employees, and servants, Plaintiff was caused to suffer serious personal injuries to her body generally.  As a direct and proximate result of the fall and the aforesaid negligence of Defendant, Plaintiff has incurred the following damages:

a.     Reasonable and necessary medical expenses in the past;

b.     Physical pain suffered in the past; and

c.     Physical pain which, in all reasonable probability, will be suffered in the future.

## X. REQUEST FOR DISCLOSURE

14.     Under the Tex. R. Civ. P. 194, Defendant KROGER is requested to disclose within fifty (50) days of service of this request, the information or material described in Tex. R. Civ. P. 194.2(a) through (l).

## XI. JURY DEMAND

15.     Plaintiff hereby demands a jury trial.

WHEREFORE, PREMISES CONSIDERED, Plaintiff LEVERNE FIELDS requests that Defendant KROGER be served with citation and, upon final trial of this case, the Court grant Plaintiff judgement against Defendant for the following:

a.  Actual damages against Defendant for $750,000.00 a sum within the jurisdictional limits of this Court;

b.  Pre- and post-judgement interest at the maximum rate allowed at law;

c.  Court costs; and

d.  Such other and further relief to which Plaintiff may show herself justly entitled, at law or in equity.

Respectfully submitted,

*/s/ Annette Cato-Miller*
ANNETTE CATO-MILLER
State Bar No. 04011525
Law Offices of Cato-Miller,
Darensburg & Associates
11882 Greenville Avenue, Suite B101
Dallas, TX 75243
(972) 270-1896
(972) 681-9334 Telecopier
litigation@cmdlawyers.net

**ATTORNEY FOR PLAINTIFF
LEVERNE FIELDS**

# EXHIBIT 3

**Exhibit 3**

FILED
2/5/2021 10:45 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Eduardo Suarez DEPUTY

Case 3:21-cv-00283-B   Document 1-2   Filed 02/08/21   Page 16 of 21   PageID 22

CAUSE NO. DC-21-00892

| | | |
|---|---|---|
| LEVERNE FIELDS, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | 191ST JUDICIAL DISTRICT |
| | § | |
| THE KROGERS CO AKA | § | |
| KROGER TEXAS L.P. | | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

---

## DEFENDANT'S ORIGINAL ANSWER AND VERIFIED DENIAL

COMES NOW, Defendant Kroger Texas L.P., erroneously named as "The Krogers Co. aka Kroger Texas L.P." ("Defendant"), in the above-entitled and numbered cause and files this Original Answer, and, in support thereof, would respectfully show the Court as follows:

### I.
### GENERAL DENIAL

Defendant denies each and every, all and singular, the material allegations contained in Plaintiff's Original Petition, demands strict proof thereof and, to the extent that such matters are questions of fact, says Plaintiff should prove such facts by a preponderance of the evidence to a jury if she can so do.

### II.
### VERIFIED DENIAL

By way of verified denial pursuant to Rule 93 of the Texas Rules of Civil Procedure, that Plaintiff is entitled to recover from Defendant in the capacity in which Defendant has been sued. Defendant denies that "The Krogers Co. aka Kroger Texas L.P." operated the store at issue on the date of this incident. Consequently, Plaintiff has no right or potential right of recovery against Defendant because the proper party has not been sued. *See, e.g., Ray Malooly Trust v. Juhl*, 186 S.W.3d 568, 571 (Tex. 2006).

---

**DEFENDANT'S ORIGINAL ANSWER AND VERIFIED DENIAL**                                     Page 1 of 5

### III.
### DEFENSES

1.      Defendant had neither actual nor constructive knowledge of the condition about which Plaintiff complains, and further asserts that, in any event, the alleged hazard was not "unreasonably dangerous."

2.      Alternatively, Defendant provided adequate warning of the condition at issue.

3.      Plaintiff's damages or injuries, if any, were caused by the acts of third persons not under the control of Defendant.  Such acts or omissions of said third persons were the sole and/or a producing and/or a proximate and/or an intervening and/or a supervening cause of Plaintiff's damages or injuries, if any.

4.      The alleged premises condition of which Plaintiff complains was already appreciated by Plaintiff, was open and obvious, was not concealed, and/or was a known risk and, therefore, Defendant denies that it owed any duty to warn Plaintiff of the alleged premises condition or protect Plaintiff from same. *Austin v. Kroger Texas L.P.*, 465 S.W.3d 193, 203 (Tex. 2015).

5.      Plaintiff failed to use that degree of care and caution that would have been used by a reasonable person under the same or similar circumstances, thereby producing or proximately causing or contributing to cause Plaintiff's injuries and damages, if any.  Such acts or omissions of Plaintiff were the sole and/or a producing and/or a proximate and/or a supervening and/or an intervening cause of Plaintiff's damages or injuries, if any.

6.      In the alternative, the accident complained of was an unavoidable accident, as that term is defined under Texas law.

7.      Defendant respectfully requests that the factfinder allocate responsibility, if any, among all parties, settling parties, and responsible third parties, in accordance with Chapters 32 and 33 of the Texas Civil Practice and Remedies Code.

8.      In the unlikely event an adverse judgment is rendered against Defendant in this matter, Defendant respectfully prays for contribution, indemnity and/or all available credits as provided for in the Texas Civil Practice and Remedies Code and under Texas law.

9.      The damages about which Plaintiff complains, if any, may have been the result of prior or pre-existing or subsequent injuries, accidents or conditions, and said prior or pre-existing or subsequent injuries, accidents or conditions were the sole and/or a contributing cause of Plaintiff's damages alleged against Defendant.

10.     Plaintiff may have breached her duty to mitigate damages by failing to exercise reasonable care and diligence to avoid loss and minimize the consequences of damages.

11.     Plaintiff may be malingering and/or exaggerating the nature and severity of her injuries in order to continue treatment, and accordingly, Defendant contends said treatment is not medically necessary or reasonable.

12.     Any claims for medical or health care expenses incurred are limited to the amount actually paid or incurred by or on behalf of Plaintiff, pursuant to Texas Civil Practice and Remedies Code §41.0105.

13.     Pursuant to Texas Civil Practice & Remedies Code § 18.091, to the extent that Plaintiff is seeking a recovery for loss of earnings, lost wages, loss of earning capacity and/or loss of contributions of pecuniary value, evidence of such alleged losses must be presented by

Plaintiff in the form of a net loss after reduction for income tax payments, or unpaid tax liability to any federal income tax law.

## IV.
## COURT REPORTER REQUESTED

Defendant respectfully demands a court reporter be present at all proceedings before the Court.

## V.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Kroger Texas L.P., erroneously named as "The Krogers Co. aka Kroger Texas L.P." respectfully prays that Plaintiff take nothing by this cause of action and that Defendant be permitted to recover the costs expended on its behalf. Defendant also prays for all other and further relief, both general and special, at law and in equity, to which it shows itself to be justly entitled.

Respectfully submitted,

 /s/ B. Kyle Briscoe
_____
**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Michael W. Stumbaugh**
State Bar No. 24041987
mstumbaugh@peavlerbriscoe.com
**PEAVLER│BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
214-999-0550 (telephone)
214-999-0551 (fax)

**ATTORNEYS FOR DEFENDANT**

**VERIFICATION**

STATE OF TEXAS                    §
                                  §
COUNTY OF TARRANT                 §

Before me, the undersigned authority, did personally appear Michael W. Stumbaugh, who upon his oath deposes and says that he is one of the attorneys for Defendant, that he has never been convicted of a felony or a crime of moral turpitude, and that he is over the age of 18 and competent to make this verification.  Accordingly, Mr. Stumbaugh verifies that the facts alleged in Section II. Verified Denial of the foregoing pleading are within his personal knowledge and are true and correct.



_____
Michael W. Stumbaugh

Subscribed and sworn to before me on this 5th day of February 2021.

_____
NOTARY PUBLIC in and for the State of Texas

STEPHANIE MACDONALD
Notary Public, State of Texas
Comm. Expires 11-20-2021
Notary ID 131357315

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to and in accordance with the Texas Rules of Civil Procedure on February 5, 2021.

/s/ B. Kyle Briscoe
_____
B. Kyle Briscoe

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Bryan Briscoe on behalf of Bryan Briscoe
Bar No. 24069421
kbriscoe@peavlerbriscoe.com
Envelope ID: 50391502
Status as of 2/5/2021 2:48 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| ANNETTE CATO-MILLER | | litigation@cmdlawyers.net | 2/5/2021 10:45:40 AM | SENT |
| Michael Stumbaugh | | mstumbaugh@peavlerbriscoe.com | 2/5/2021 10:45:40 AM | SENT |
| Kyle Briscoe | | kbriscoe@peavlerbriscoe.com | 2/5/2021 10:45:40 AM | SENT |
| Joy Rose | | JRose@PeavlerBriscoe.com | 2/5/2021 10:45:40 AM | SENT |
| Liz Contreras | | econtreras@peavlerbriscoe.com | 2/5/2021 10:45:40 AM | SENT |