IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LEVERNE FIELDS** § | | |
| Plaintiff § | | |
| v. § | No. 3:21-CV-00283-B | |
| § | | |
| **KROGER TEXAS L.P.** § | | |
| Defendant § | | |

**Plaintiff's First Amended Complaint**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Comes now LEVERNE FIELDS, hereinafter referred to as "Plaintiff," and makes and files this First Amended Complaint, complaining of and about, KROGER TEXAS L.P. hereinafter referred to as "Defendant or Kroger," and for cause of action would show the Court as follows:

I.
JURISDICTION AND VENUE

1. This Court has jurisdiction over the parties pursuant to 28 US.C. § 1332(a).

2. Plaintiff is a citizen of the state of Texas and resident of Dallas County, Texas, which is within the United States Northern District of Texas.

3. Defendant KROGER TEXAS L.P. is a foreign for-profit corporation doing business in the State of Texas including Dallas County, within the United States Northern District of Texas. Service of process regarding this lawsuit may be made on its registered agent of process:

Corporation Service Company
d/b/a CSC- Lawyers Incorporation Service Company
211 E. 7th Street, Suite 620
Austin, Texas 78701-3218

4. The amount in controversy is more than $75,000.00 not including interest and costs of court.

5. This court has jurisdiction over the parties because Plaintiff is a Texas resident.

6. Venue is proper in this court because the causes of action occurred within the Northern District of Texas.

## II.
## FACTUAL BACKGROUND

7. On February 9, 2019, Leverne Fields, while entering the Kroger grocery store #588 located at 9140 Forest Lane, Dallas, TX, was injured when the sliding entrance doors closed and slammed on her shoulders and head. The malfunction of the doors caused Leverne Fields to fall to the concrete floor where she hit her head again and injured the left side of her head, including her left eye. She was rushed to the emergency room.  Ms. Fields suffered a concussion and significant related injuries including, injuries to the entire left side of her body, lightheadedness, severe headaches and extreme dizziness.  These injuries and symptoms continued for months after the incident.

8. Defendant KROGER, and their agents, servants, and employees knew, or in the exercise of ordinary care, should have known, the dangerous conditions with the entrance doors existed. This incident caused severe injuries to Plaintiff.  Defendant owed Plaintiff the duties to exercise ordinary care and to protect and safeguard Plaintiff and others from unreasonably dangerous and unsafe conditions.

For these reasons, the Plaintiff demands judgment against the Defendant for an amount in excess of $75,000.00, together with interest and costs, and demands trial by jury of all issues.

III.
FIRST CLAIM FOR RELIEF

<u>PREMISE CLAIM</u>

9.     Plaintiff was a business invitee and entered onto Defendant's premises in response to Defendant's invitation and for their mutual benefit.  A condition on Defendant's premises posed an unreasonable risk.  Defendant knew, or reasonably should have known, the entrance doors were malfunctioning, the dangerous condition posed by their malfunction, and that the entrance doors created a danger for its business invitees.  Kroger knew the entrance doors were malfunctioning because the same set of doors malfunctioned on January 5, 2019 – less than thirty (30) days earlier – in the same way, and injuring another customer.  The incident on January 5, 2019, involving the malfunctioning entrance doors placed Kroger on notice.  Defendant knew or should have known to keep the doors properly functioning so that they would not create a dangerous condition for its business invitees, that is, slamming into and injuring customers such as the Plaintiff.  Defendant had a duty to use ordinary care to ensure that the premises did not present a danger to Plaintiff.  Defendant allowed or created a  dangerous area and permitted such danger to exist.  Plaintiff further alleges that the condition in the area had continued for such a time that it would have been remedied if Defendant had exercised ordinary care in the maintenance and repair of the entrance doors.  This duty includes the duty to inspect and the duty to warn or to cure.  Defendant's breach of duty, both individually and severally, proximately caused injury to Plaintiff, which resulted in injury to her body, particularly the entire left side of her body, as well as a concussion, extreme dizziness, lightheadedness and severed headaches.  As a result, Plaintiff has incurred medical bills and endured pain and suffering, for which she seeks damages within the jurisdictional limits of this Court.

For these reasons, the Plaintiff demands judgment against the Defendant for an amount in excess of $75,000.00, together with interest and costs, and demands trial by jury.

IV.
### SECOND CLAIM FOR RELIEF

### NEGLIGENCE

10. In the alternative, Plaintiff's injuries were the result of Defendant's ongoing negligence on the premises at the location of the injury, not a condition of the premises. Defendant was negligent because it allowed a dangerous condition, that is, malfunctioning entrance doors, to occur and exist, and failed to use ordinary care in the maintenance and repair of such entrance doors. Defendant owed a legal duty to Plaintiff. Defendant breached the duty to Plaintiff by:

a. Failing to maintain safe entry doors and by failing to inspect the doors for any dangerous conditions and repairing them; and

b. Failing to make safe any latent defects in the doors or give warning of any defects.

Defendant's breach of duty proximately caused injury to Plaintiff, which resulted in injury to her body generally, specifically to the entire left side of her body, including a concussion, head injury, and symptoms of the head injury as described herein. As a result, Plaintiff has incurred medical bills and endured pain and suffering, for which she seeks damages within the jurisdictional limits of this Court.

V.

### RESPONDEAT SUPERIOR

11. Defendant KROGER and its agents, servants, and employees, who were at all times acting in the course and scope of their employment, were guilty of negligence toward Plaintiff by:

a. Maintaining an unreasonably dangerous condition;
b. Failing to maintain reasonably safe premises;
c. Failing to inspect the premises in order to discover the dangerous condition on Defendant's premises;

  d.  Failing to correct the dangerous condition which was created; and

  e.  Failing to adequately warn invitees, including Plaintiff, that a dangerous condition existed.

  For these reasons, the Plaintiff demands judgment against the Defendant for an amount in excess of $75,000.00, together with interest and costs, and demands trial by jury.

  12.  Plaintiff alleges that each and every, all and singular, of the aforementioned acts and omissions on the part of the Defendant and its agents, servants, and employees constitute negligence which was and is the direct and proximate cause of the injuries sustained by Plaintiff as set out herein.

## VII.

## DAMAGES

  13.  Plaintiff would show that, as a direct result of the negligence of Defendant and its agents, employees, and servants, Plaintiff suffered serious personal injuries to her body generally. As a direct and proximate result of the entrance doors slamming shut on Plaintiff, and the Defendant's negligence as set forth above, Plaintiff has incurred the following damages:

  a.  Reasonable and necessary past medical expenses;
  b.  Physical pain suffered in the past; and
  c.  Physical pain which, in all reasonable probability, will be suffered in the future.

## VIII.

## JURY DEMAND

  14.  Plaintiff hereby demands a jury trial pursuant to Rule 38 of the Fed. R. Civ. P.

IV.

RELIEF REQUESTED

For these reasons, Plaintiff LEVERNE FIELDS respectfully requests that Defendant KROGER TEXAS L.P. be served with citation and, upon final trial of this case, the Court enter a judgement against Defendant as follows:

a. For actual and compensatory damages in an amount to be determined by the jury at the time of trial;

b. Pre - and post-judgement interest as allowed by law;

d. For such other relief, at law or in equity, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

*/s/ Annette Cato-Miller*
Annette Cato-Miller
Law Offices of Cato-Miller,
Darensburg & Associates
litigation@cmdlawyers.net
Texas Bar No. 04011525
11882 Greenville Avenue, Suite B101
Dallas, Texas 76243
Office:  972.270.1896
Facsimile:  972.681.9334

**Certificate of Service**

I hereby certify that on February 17, 2021, I electronically filed the foregoing document using the Court's CM/ECF System, thereby providing service on all counsel of record.

*/s/ Annette Cato-Miller*
Annette Cato-Miller